UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LONNIE RAY CARTER,

    Plaintiff,

v.

ASHLEY A. ZUBER, *et al.*,

    Defendants.

CASE NO. 3:20-cv-05166-RJB-JRC

ORDER FOR PLAINTIFF TO SHOW CAUSE OR AMEND COMPLAINT AND UPDATE ADDRESS

The District Court has referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A)–(B) and Local Magistrate Judge Rules MJR 1, MJR 2, and MJR 4. *See* Am. Gen. Order No. 02-19.

This matter is before the Court on plaintiff's motion to request the state of plaintiff's complaint. *See* Dkt. 17. In his motion, plaintiff requests that the Court order service of the complaint (Dkt. 6) on the two defendants, Zuber and Roddey. *See id.* at 1–2. Additionally, in his motion, plaintiff appears to respond to the Court's order to show cause (Dkt. 8). *See* Dkt. 17 at 3–7. Therefore, the Court interprets plaintiff's motion (Dkt. 17) as a response to the Court's order to show cause or amend complaint. *See* Dkts. 8.

1    Having carefully reviewed plaintiff's motion and response to the order to show cause
2    (Dkt. 17), the Court declines to serve the complaint (Dkt. 6) as written. Because plaintiff is *pro
3    se*, the Court will offer him one more opportunity to amend his complaint to correct the
4    deficiencies identified in this Order on or before **October 19, 2020**. If plaintiff takes no action in
5    response to this Order, the Court will recommend dismissal without prejudice of all deficient
6    claims against defendants and will direct service of the complaint on defendants only as to
7    plaintiff's claims that defendants allegedly violated his Eighth Amendment rights.

8    Furthermore—even if plaintiff amends the complaint—unless plaintiff updates his
9    current mailing address on or before **October 19, 2020**, the Court will recommend dismissal of
10   all claims without prejudice.

**BACKGROUND**

12   Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this matter in February 2020.
13   *See* Dkts. 1, 5. In his complaint, filed pursuant to 42 U.S.C. § 1983, plaintiff alleges that
14   defendants Zuber and Roddey, in their individual capacities, failed to protect him against risk of
15   serious harm and discriminated against him in violation of plaintiff's Fifth, Sixth, Eighth, and
16   Fourteenth Amendment rights. *See* Dkt. 6, at 5, 18, 21–22, 31, 33, 43, 55, 58. Plaintiff also
17   claims that defendants violated 42 U.S.C. § 1985 by allegedly conspiring to place plaintiff in
18   closed custody at the Washington State Penitentiary ("WSP") despite allegedly known danger to
19   plaintiff's safety. *See id.* at 21. Plaintiff seeks compensatory and punitive damages, as well as a
20   declaratory judgment that defendants violated his constitutional rights. *See id.* at 32, 59.

21   On March 16, 2020, plaintiff filed a motion to supplement the record. *See* Dkt. 7. In his
22   motion, plaintiff requested unspecified injunctive relief and also appeared to name additional

defendants, raised additional claims of failure to protect plaintiff in violation of the Eighth Amendment, and stated new facts not alleged in his complaint. *See id.* at 1–2.

On April 14, 2020, the Court entered an order to show cause or amend complaint, allowing plaintiff to amend his complaint to add additional defendants and/or factual allegations or otherwise respond to the order on or before May 14, 2020. *See* Dkt. 8. Plaintiff subsequently contacted the Clerk of Court's office to inform the Court that plaintiff could not timely respond and that he planned to update his mailing address. On May 14, 2020, the Court entered an order directing plaintiff to update his address and granting plaintiff an extension to response to the order to show cause (Dkt. 8) on or before June 15, 2020. *See* Dkt. 11. The Clerk mailed a copy of the Court's May 14, 2020, order (Dkt. 11) to plaintiff; however, the order was returned and marked "not here." *See* Dkt. 14.

On May 29, 2020, plaintiff updated his mailing address to "General Delivery, Seattle, Washington 98101" (Dkt. 12) and requested that the Court resend a copy of the order to show cause (Dkt. 8) to his updated mailing address. *See* Dkt. 13. On June 29, 2020, the Court *sua sponte* extended plaintiff's deadline to respond to the order to show cause (Dkt. 8) to July 16, 2020. *See* Dkt. 15. Plaintiff did not respond to the Court's order to show cause (Dkt. 8), and the Court again entered an order directing plaintiff to update his current mailing address by August 28, 2020. *See* Dkt. 16.

On August 20, 2020, plaintiff filed the instant motion. *See* Dkt. 17. In his motion, plaintiff requests that the Court order service of the complaint (Dkt. 6) on the two defendants, Zuber and Roddey. *See* Dkt. 17, 1–2. Plaintiff also appears to respond, at least in part, to the Court's order to show cause or amend complaint (Dkt. 8) by attempting to state new claims against two additional defendants ("Community Corrections Officer Ms. D. Nathan" and "her

1 | supervisor Jane Doe"). *See id.* at 3–7. As stated above, the Court interprets plaintiff's motion

2 | (Dkt. 17) as a response to the Court's order to show cause or amend complaint. *See* Dkts. 8.

3 | **DISCUSSION**

4 | Because plaintiff proceeds *in forma pauperis* and against governmental officers, his

5 | complaint is subject to screening before service, meaning that this Court has the authority to

6 | strike all or portions of the complaint at any time if the complaint fails to state a claim upon

7 | which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii). This Court will offer

8 | plaintiff an opportunity to amend his complaint to cure the deficiencies, unless it is clear that

9 | amendment would be futile. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

10 | Having carefully screened plaintiff's complaint (Dkt. 6), the Court finds that plaintiff has

11 | stated a cognizable claim that defendants Zuber and Roddey allegedly violated plaintiff's Eighth

12 | Amendment rights. *See* Dkt. 6. However, for the reasons discussed below, the Court finds that

13 | plaintiff has failed to state claim upon which relief can be granted for his remaining claims.

14 | **I.   Failure to State a Claim**

15 | A complaint "must contain a 'short and plain statement of the claim showing that the

16 | pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R.

17 | Civ. P. 8(a)(2)). To state a claim on which relief may be granted, plaintiff must go beyond an

18 | "unadorned, the-defendant-harmed-me accusation[s]," "labels and conclusions," and "naked

19 | assertions devoid of further factual enhancement." *Id.* at 678 (internal quotation marks and

20 | citations omitted). Although the Court liberally interprets a *pro se* complaint, even a liberal

21 | interpretation will not supply essential elements of a claim that plaintiff has not pleaded. *Ivey v.*

22 | *Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). In addition to setting forth the legal

23 | framework of a claim, there must be sufficient factual allegations undergirding that framework

24 |

ORDER FOR PLAINTIFF TO SHOW CAUSE OR
AMEND COMPLAINT AND UPDATE ADDRESS - 4

"to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II.  Section 1983 Claims

### a.  General Principles

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show the following: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Applying these principles, plaintiff's complaint suffers from deficiencies requiring dismissal of the following claims if not corrected in an amended complaint, as set forth below.

### a.  Fifth Amendment

In his complaint, plaintiff alleges that defendants violated his Fifth Amendment rights. *See* Dkt. 6, at 5, 22, 31, 33, 58.

The Fifth Amendment prohibits the federal government from depriving persons of due process and equal protection under the law. *See Sessions v. Morales-Santana*, 137 S. Ct. 1678, 1686 n. 1 (2017); *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). In his complaint, plaintiff names two Washington State prison officials, defendants Zuber and Roddey. *See* Dkt. 6. However, state prison officials are not federal government actors for purposes of the Fifth Amendment. *See Bingue*, 512 F.3d at 1174. Accordingly, plaintiff fails to state a claim under

the Fifth Amendment because he has not alleged any federal government action that allegedly deprived him of due process or equal protection under the law. *See id.*

**b. Sixth Amendment**

Plaintiff alleges that defendants violated his Sixth Amendment rights. *See* Dkt. 6, at 5, 22, 31, 33, 58.

The Sixth Amendment provides that '[i]n all criminal proceedings, the accused shall enjoy the right to a speedy and public trial . . . ; to be confronted with witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence." U.S. Const. amend. VI; *see also Nordstrom v. Ryan*, 762 F.3d 903, 909 (9th Cir. 2014). Here, plaintiff fails to allege any supporting facts that would implicate defendants' violation of plaintiff's Sixth Amendment rights—rather, plaintiff merely concludes that defendant Zuber and Roddey violated his Sixth Amendment rights. To state a claim on which relief may be granted, plaintiff must go beyond "labels and conclusions," and explain how defendants allegedly violated his Sixth Amendment rights. *Ashcroft*, 556 U.S. at 678.

**c. Fourteenth Amendment**

In his complaint, plaintiff alleges that defendants Zuber and Roddey violated his Fourteenth Amendment rights to equal protection under the law by allegedly discriminating against plaintiff based on his race. *See* Dkt. 6, at 16, 22, 28, 46, 58.

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment[,] a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (internal citations omitted) (rejecting equal protection claim where a prisoner plaintiff failed to show that he was treated differently

than any other prisoner in the relevant class). "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group.'" *Navarro v. Block*, 72 F.3d 712, 716 n.5. (9th Cir. 1995) (quoting *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (internal quotations omitted)). Additionally, plaintiff must identify a group of similarly situated individuals who have been treated more favorably, so that the factor motivating the alleged discrimination can be identified. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

Here, plaintiff alleges that he is a member of a protected class based on his race and that defendants Zuber and Roddey "treat[ed] plaintiff . . . differently from other, similarly situated . . . prisoners residing at [WSP]." Dkt. 6, at 16, 22, 28, 46, 58. Although plaintiff concludes that defendants Zuber and Roddey treated plaintiff differently than similarly situated prisoners, plaintiff fails to allege how defendants treated him any differently, or less favorably, than the identified group of similarly situated prisoners. Further, plaintiff does not articulate whether the similarly situated prisoners were in a different protected class than plaintiff. As noted above, to state a claim on which relief may be granted, plaintiff must go beyond "labels and conclusions," and he must explain how defendants allegedly treated him differently in violation of the Fourteenth Amendment based on his protected class. *Ashcroft*, 556 U.S. at 678.

### III.     42 U.S.C. § 1985(3)

In his complaint, plaintiff claims that defendants violated 42 U.S.C. § 1985(3) by allegedly conspiring with other prison officials to place plaintiff in a "closed custody, prison

environment" despite allegedly known danger to plaintiff's safety. *See* Dkt. 6, at 20–21, 25, 46–48.

To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege "(1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–103 (1971)). "The language requiring intent to deprive of equal protection … means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102.

Here, plaintiff fails to allege that defendants Zuber and Roddey conspired to allegedly deprive plaintiff of equal protection under the law on the basis of plaintiff's membership in a protected class. Rather, plaintiff merely alleges that defendants conspired to place plaintiff in closed custody at WSP. *See* Dkt. 20–21, 25, 46–48. Although plaintiff claims that defendants allegedly discriminated against him based on his protected class, plaintiff fails to link defendants' allegedly discriminatory acts to any alleged conspiracy between the defendants. *Griffin*, 403 U.S. at 102.

**IV.    18 U.S.C. § 242**

In his complaint, plaintiff cites to 18 U.S.C. § 242 "deprivation [of] civil rights under color of law." Dkt. 6, at 31, 58. Although plaintiff does not appear to allege any specific facts supporting such a claim, his claim nevertheless fails because 18 U.S.C. § 242 is a criminal statute

1   that does not give rise to civil liability. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048

2   (9th Cir. 2006) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)).

3         Here, it is clear that amendment to this claim would be futile, and thus, the Court cautions

4   plaintiff against restating any claim against defendants under 18 U.S.C. § 242 in any amended

5   complaint, as any such claim would be dismissed. *See Cato*, 70 F.3d at 1106.

6         **V.**     **Additional Defendants**

7         In his motion and response to the order to show cause (Dkt. 8), plaintiff attempts to name

8   additional defendants, "Community Corrections Officer Ms. D. Nathan" and "her supervisor

9   Jane Doe," to the instant matter based on their alleged violations of plaintiff's Fourteenth

10  Amendment rights. *See* Dkt. 17, at 1–2. However, as noted in the Court's order to show cause,

11  plaintiff must file an amended complaint in order to add any additional defendants in this

12  litigation. *See* Dkt. 8, at 2–3. Accordingly, if plaintiff wishes to add any additional defendants,

13  plaintiff must file an amended complaint naming all defendants to this action and alleging facts

14  sufficient to state a claim under 42 U.S.C. § 1983, as discussed above.

15        **VI.**     **Update Address**

16        Finally, the Court notes that plaintiff has not updated his current mailing address as

17  ordered in the Court's July 29, 2020, order directing plaintiff to update his address. *See* Dkt. 16.

18  In his motion and response to the order to show cause (Dkt. 8), plaintiff states that he is currently

19  homeless. *See* Dkt. 17, at 7.

20        As previously stated by this Court, a party proceeding *pro se* shall keep the Court and

21  opposing parties advised as to his current mailing address. LCR 41(b)(2). If mail directed to a

22  *pro se* plaintiff by the Clerk is returned by the Postal Service or is undeliverable, and if plaintiff

23  fails to notify the Court and opposing parties within 60 days thereafter of his current mailing

24

1  address, the Court may dismiss the action without prejudice for failure to prosecute. LCR
2  41(b)(2).

3  Given plaintiff's current housing circumstances, the Court will extend the deadline by
4  which plaintiff must provide the Court with his current mailing to **October 19, 2020**. However,
5  if plaintiff fails to notify the Court of his current mailing address by **October 19, 2020**, the
6  undersigned will recommend dismissal of this action without prejudice.

## CONCLUSION AND DIRECTIONS TO CLERK AND PLAINTIFF

8  As discussed above, the Court declines to serve plaintiff's complaint (Dkt. 6) as written,
9  and therefore, the Court DENIES plaintiff's motion (Dkt. 17) to serve the complaint on
10 defendants. However, the Court will provide plaintiff one more opportunity to amend his
11 complaint and update his current mailing address on or before **October 19, 2020**. If plaintiff
12 fails to amend his complaint, the Court will recommend dismissal of all claims except plaintiff's
13 claims that defendants allegedly violated his Eighth Amendment rights.

14 Further—regardless of whether he chooses to amend his complaint or not—plaintiff must
15 notify the Court of his current mailing address by **October 19, 2020**. If plaintiff fails to do so,
16 the undersigned will recommend dismissal of this action without prejudice.

17 If plaintiff intends to continue pursuing a civil action in this Court, he must file an
18 amended complaint, and within that complaint, he must write a *short, plain statement* telling the
19 Court: (1) each constitutional right that plaintiff believes was violated; (2) the name or names of
20 the person or persons who violated the right; (3) exactly what each individual or entity did or
21 failed to do; (4) how the action or inaction of each individual or entity is connected to the
22 violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered
23 because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

24

| 1 | Plaintiff shall present the amended complaint on the form provided by the Court. The |

1     Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly written or typed in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint and not as a supplement. An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself, and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights.

    The Clerk is directed to mail copies of this Order, the complaint (Dkt. 6), the order directing plaintiff to update address (Dkt. 16), and the form for filing a 42 U.S.C. § 1983 civil rights complaint to plaintiff at his last known address and his prior mailing addresses of record.

    Dated this 17th day of September, 2020.

J. Richard Creatura
United States Magistrate Judge

ORDER FOR PLAINTIFF TO SHOW CAUSE OR
AMEND COMPLAINT AND UPDATE ADDRESS - 11