UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LONNIE RAY CARTER,

    Plaintiff,

v.

ASHLEY A. ZUBER, *et al.*,

    Defendants.

CASE NO. 3:20-cv-05166-RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR: December 18, 2020

This civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. *See* Am. Gen. Order No. 02-19.

Because plaintiff proceeds *in forma pauperis*, the Court "shall dismiss" plaintiff's claims "at any time" if the complaint does not state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons stated herein, plaintiff has failed to state a claim upon which relief can be granted except for his claims that defendants allegedly violated his Eighth Amendment rights. Therefore, the undersigned *sua sponte* recommends the dismissal of

REPORT AND RECOMMENDATION - 1

plaintiff's claims against defendants under the Fifth Amendment and 18 U.S.C. § 242 with prejudice.  The Court further recommends the dismissal of plaintiff's claims against defendants under the Sixth and Fourteenth Amendments and 42 U.S.C. § 1985(3) without prejudice.

## BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this matter in February 2020. *See* Dkts. 1, 5.  In his complaint, filed pursuant to 42 U.S.C. § 1983, plaintiff alleges that defendants Zuber and Roddey, in their individual capacities, failed to protect him against risk of serious harm and discriminated against him in violation of plaintiff's Fifth, Sixth, Eighth, and Fourteenth Amendment rights.  *See* Dkt. 6, at 5, 18, 21–22, 31, 33, 43, 55, 58.  Plaintiff also claims that defendants violated 42 U.S.C. § 1985 by allegedly conspiring to place plaintiff in closed custody at the Washington State Penitentiary ("WSP") despite the allegedly known danger to plaintiff's safety.  *See id.* at 21.  Plaintiff seeks compensatory and punitive damages, as well as a declaratory judgment that defendants violated his constitutional rights.  *See id.* at 32, 59.

On March 16, 2020, plaintiff filed a motion to supplement the record.  *See* Dkt. 7.  In his motion, plaintiff appeared to name additional defendants, raised additional claims, and stated new facts not alleged in his complaint.  *See id.* at 1–2.  On April 14, 2020, after reviewing plaintiff's motion, the Court entered an order to show cause or amend the complaint, allowing plaintiff additional time to file an amended complaint to add additional defendants and/or factual allegations or otherwise respond to the order to show cause.  *See* Dkt. 8; *see also* Dkts. 11, 15 (granting extensions of time to respond to the order to show cause).

On August 20, 2020, plaintiff inquired regarding the state of his complaint and requested service of the complaint (Dkt. 6) on defendants.  *See* Dkt. 17.  Additionally, plaintiff appeared to

respond to the Court's April 14, 2020, order to show cause (Dkt. 8) by attempting to state new claims against two additional defendants ("Community Corrections Officer Ms. D. Nathan" and "her supervisor Jane Doe"). *See id.* at 3–7. The Court interpreted plaintiff's motion (Dkt. 17) as a response to the Court's order to show cause or amend his complaint. *See* Dkt. 18.

The Court has carefully reviewed plaintiff's motion and response to the order to show cause (Dkt. 17) and the proposed complaint (Dkt. 6) and declined to serve the complaint as written. *See* Dkt. 18. Although the Court found that plaintiff stated cognizable claims that defendants allegedly violated plaintiff's Eighth Amendment rights, the Court found that plaintiff failed to state a claim upon which relief can be granted for his remaining claims. *See id.* The Court again entered an order to show cause and directed plaintiff to file an amended complaint if he wished to attempt to cure the deficiencies in the complaint and proceed on his remaining claims or to add additional defendants. *See id.* at 10; *see also* Dkt. 19 (granting an extension of time to file an amended complaint).

Plaintiff has failed to file an amended complaint or otherwise respond to this most recent order to show cause. Therefore, except for plaintiff's claims that defendants allegedly violated his Eighth Amendment rights, the Court recommends the dismissal of plaintiff's claims under the Fifth Amendment and 18 U.S.C. § 242 with prejudice, and the dismissal of plaintiff's claims under the Sixth and Fourteenth Amendments and 42 U.S.C. 1985(3) without prejudice.

## DISCUSSION

### I. Legal Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *See Chavez*

*v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990). The pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

While the Court must accept all the allegations contained in the complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* When a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner,* 404 US 519 (1972), *reh'g denied,* 405 U.S. 948 (1972); *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc) (petitioner should be afforded the "benefit of any doubt").

While the court can liberally construe a plaintiff's complaint, it cannot supply an essential fact that a plaintiff has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show the following: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in

1 | the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

2 | Plaintiff first alleges that defendants violated his Fifth Amendment rights. *See* Dkt. 6, at 5, 22, 31, 33, 58. The Fifth Amendment prohibits the federal government from depriving persons of due process and equal protection under the law. *See Sessions v. Morales-Santana*, 137 S. Ct. 1678, 1686 n. 1 (2017); *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). However, defendants appear to be Washington State prison officials, who are not federal government actors for purposes of the Fifth Amendment, and plaintiff has alleged no facts indicating any federal government action. *See Bingue*, 512 F.3d at 1174. Accordingly, plaintiff has failed to state a claim against defendants under the Fifth Amendment, and any attempt to bring such a claim is likely futile. *See Cato v. U.S.*, 70 F.3d 1103, 1106 (9th Cir. 1995). Therefore, the Court recommends that this claim be dismissed with prejudice.

Plaintiff alleges that defendants violated his Sixth Amendment rights. *See* Dkt. 6, at 5, 22, 31, 33, 58. The Sixth Amendment provides that '[i]n all criminal proceedings, the accused shall enjoy the right to a speedy and public trial . . . ; to be confronted with witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence." U.S. Const. amend. VI; *see also Nordstrom v. Ryan*, 762 F.3d 903, 909 (9th Cir. 2014). In his complaint, plaintiff alleges no supporting facts that would implicate defendants' violation of plaintiff's Sixth Amendment rights—rather he merely concludes that defendants violated those rights. *See Ashcroft*, 556 U.S. at 678 (to state claim on which relief may be grant, plaintiff must go beyond "labels and conclusions" and must explain how defendants allegedly violated his rights). Accordingly, plaintiff has failed to state a claim against defendants under the Sixth Amendment. However, because it is not clear that amendment would

be futile, plaintiff's claim under the Sixth Amendment should be dismissed without prejudice.

Plaintiff alleges that defendants violated his Fourteenth Amendment rights to equal protection under the law by allegedly discriminating against him based on his race. *See* Dkt. 6, at 16, 22, 28, 46, 58. In order to state a claim for a violation of the Equal Protection Clause of the Fourteenth Amendment, plaintiff must show that "defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (internal citations omitted). Additionally, plaintiff must identify a group of similarly situated individuals who have been treated more favorably, so that the factor motivating the alleged discrimination can be identified. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005). Here, plaintiff alleges that defendants treated plaintiff "differently from other, similarly situated . . . prisoners residing at [WSP]." Dkt. 6, at 16, 22, 28, 46, 58. However, plaintiff fails to allege how defendants treated him any differently, or less favorably, than the identified group of similarly situated prisoners. Further, plaintiff fails to allege whether the similarly situated prisoners were in a different protected class than plaintiff. Accordingly, plaintiff has failed to state a claim under the Fourteenth Amendment. However, plaintiff may be able to amend the complaint to cure these deficiencies. Therefore, plaintiff's claim under the Fourteenth Amendment should be dismissed without prejudice.

Plaintiff alleges that defendants violated 42 U.S.C. § 1985(3) by allegedly conspiring with other prison officials to place plaintiff in closed custody at WSP despite the allegedly known danger to plaintiff's safety. Dkt. 6, at 20–21, 25, 46–48. In order to state a claim under 42 U.S.C. § 1985(3), plaintiff must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, based on racial or other class-based discriminatory animus, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal

injury, property damage or a deprivation of any right or privilege of a citizen of the United States. *See Griffin v. Breckenridge*, 403 U.S. 88, 102–103 (1971); *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980). Here, plaintiff fails to allege that defendants conspired to place plaintiff in closed custody based on plaintiff's race or membership in any other protected class. Accordingly, plaintiff has failed to state a claim under 42 U.S.C. § 1985(3). However, because it is not clear that amendment would be futile, plaintiff's claim under 42 U.S.C. § 1985(3) should be dismissed without prejudice.

Finally, plaintiff appears to allege a violation of 18 U.S.C. § 242, stating generally a "deprivation [of] civil rights under color of law." Dkt. 6, at 31, 58. However, 18 U.S.C. § 242 is a criminal statute that does not give rise to civil liability. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)). Accordingly, plaintiff is foreclosed from bringing a claim against defendants under 18 U.S.C. § 242, and it is clear that any amendment to such a claim would be futile. *See Cato*, 70 F.3d at 1106. Therefore, plaintiff's claim under 18 U.S.C. § 242 should be dismissed with prejudice.

In sum, plaintiff has failed to state a claim upon which relief can be granted regarding defendants' alleged violations of the Fifth, Sixth, and Fourteenth Amendments, 42 U.S.C. § 1985(3), and 18 U.S.C. § 242. Accordingly, these claims should be dismissed. Plaintiff should be granted leave to amend his claims against defendants for alleged violations of the Sixth and Fourteenth Amendments and 42 U.S.C. § 1985(3), as it is not clear that amendment would be futile. However, plaintiff's claims against defendants under the Fifth Amendment and 18 U.S.C. § 242 should be dismissed with prejudice and without leave to amend.

**CONCLUSION**

For the reasons set forth above, the Court recommends dismissal of all claims against defendants other than plaintiff's claims that defendants allegedly violated his Eighth Amendment rights. The Court further recommends that plaintiff's claims under the Fifth Amendment and 18 U.S.C. § 242 should dismissed with prejudice and without leave to amend; however, plaintiff's claims under the Sixth and Fourteenth Amendments and 42 U.S.C. § 1985(3) should be dismissed without prejudice and with leave to amend.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 18, 2020,** as noted in the caption.

Dated this 30th day of November, 2020.

J. Richard Creatura
United States Magistrate Judge