UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LONNIE RAY CARTER,<br><br>                    Plaintiff,<br><br>       v.<br><br>ASHLEY A. ZUBER and SIERRA FRABIZIO,<br><br>                    Defendants. | CASE NO. 3:20-cv-05166-RJB<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment. Dkt. 43. The Court has considered the motion and supporting declarations (Dkts. 43, 44, 45, and 46), Plaintiff's response opposing Defendants' motion (Dkt. 50), and the remaining file.

Plaintiff *pro se*, Lonnie Ray Carter, was incarcerated by the Washington State Department of Corrections (DOC) from 2002 to 2018. Dkt. 43. He brings this lawsuit against Ashley Zuber and Sierra Fabrizio (formerly Roddey), alleging that they violated his Eighth Amendment rights in three ways: (1) by stripping him of his Drug Offender Sentencing

- 1

Alternative (DOSA), (2) by ordering him into closed custody at the Washington State Penitentiary, and (3) by preparing a release plan and releasing him into the community knowing that he would be in danger. Dkt. 43 at 1–2 and Dkt. 6. In the pending motion, Defendants move for summary judgment. Defendants' motion should be granted because there is no evidence in the record that Defendants caused Plaintiff's alleged injuries.

## I.   RELEVANT FACTS AND PROCEDURAL HISTORY

### A. FACTS

Carter was incarcerated from October 2, 2001 to January 28, 2018. Dkt. 43 at 2. A report from 2002 allegedly found that he had a $50,000 bounty on his head. Dkt. 6 at 7. Carter claims that Defendants had knowledge of this report and, in 2018, ordered him to be released in a manner deliberately indifferent to his serious risk harm. Dkt. 6 at 15.

Defendants were both Secretary Seniors with the DOC and part of their job duties included recordkeeping. *Id.* at 3. In 2016, various DOC officials created a Custody Facility Plan (CFP) for Carter, which was approved by the Intensive Management Multi-Disciplinary Team. Dkt. 43 at 2; Dkt. 45 at 2. The CFP ordered Carter to be transferred to an intensive management unit. Dkt. 43 at 2. It appears that the CFP both stripped Carter of his DOSA and ordered him into closed custody. *See id.* Zuber and Roddey's only role related to the CFP was to act as clerical scribes, operate equipment, and record the final decision into the administrative system. *Id.* at 2–3.

In 2017, DOC issued another CFP for Carter. This plan advised keeping Carter in maximum custody at the intensive management unit. *Id*. at 3. Secretary Senior Zuber recorded that decision in the administrative system. *Id.*

In anticipation of Carter's release on January 28, 2018, his classification counselor prepared an offender release plan. *Id.* at 3. Neither Zuber nor Roddey were involved in creating that plan. *Id.* Carter's sole allegation about Defendants participation in his release is that that Defendant Fabrizio was present on the day that he was released. *See* Dkt. 50 at 4.

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986); *T.W. Elec. Serv. Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, which is a preponderance of the evidence in most civil cases. *Anderson,* 477 U.S. at 254; *T.W. Elect.,* 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the

nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elect.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed."  *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888–89 (1990).

### B. NO GENUINE ISSUE OF MATERIAL FACT THAT DEFENDANTS CAUSED HIS ALLEGED INJURY

Carter's claims that Defendants violated his Eighth Amendment rights, but he does not present sufficient facts from which it is possible to conclude that caused that alleged violation.

To be liable under 42 U.S.C. § 1983, a plaintiff must be able to show that the defendant caused the deprivation of a particular constitutional right.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  In the context of an Eighth Amendment claim, a plaintiff can establish causation by establishing that the defendant (1) showed "deliberate indifference" to a serious risk of harm, and (2) this indifference was the actual and proximate cause of the deprivation of the right to be free from cruel and unusual punishment.  *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  The deliberate indifference inquiry "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.  *Leer*, 844 F.2d at 633.

Defendants' duties and responsibilities were administrative and included recording information.  Even assuming that they knew of a serious risk of harm to Carter, Carter cannot demonstrate that their indifference *caused* his alleged injuries there is no evidence on the record that either Defendant made controlled decisions about the conditions of Carter's confinement or release.

Carter asserts in response to Defendants' Motion for Summary Judgment that the Declaration of Ashley Zuber demonstrates that she contributed to the decision to release him from custody because it states, "[t]he only thing I had any role in was his custody facility plan (CFP) while Carter was in confinement." Dkt. 50 at 3 (citing Dkt. 45 at 1–2). When read in full, however, the declaration explains, and Plaintiff does not provide any evidence to the contrary, that "[t]he Classifications Unit has nothing to do with the release plan process. [] I was never in a decision making role regarding the placement, custody level, or release of incarcerated individuals. The only time I was involved with Carter in any capacity was when I worked as a Secretary Senior for the Classification Unit, where I recorded the decisions of the Max Custody Multi-Disciplinary Team (MDT) and Headquarters IMS MDT." Dkt. 45 at 2. It cannot reasonably be inferred from this evidence that Defendant Zuber's duties contributed to choices about where to place or how to release Carter sufficient to establish causation.

Carter's claims against Defendant Fabrizio appear to derive from the allegation that she was present the day he was released from prison. Dkt. 50 at 4. Her mere presence, however, is insufficient to establish that she caused his alleged constitutional violation.

In Carter's response to Defendants' motion for summary judgment, he references the challenges associated with acting *pro se* and with conducting legal research with limited access to the Seattle King County Public Law Library. Dkt. 50 at 1. While the Court is sympathetic to these challenges, it does not appear that any amount of legal research would change the factual shortcomings discussed in this Order.

Furthermore, it is not clear from the record that Carter has alleged a cognizable injury. The Court, however, need not delve into that analysis because dismissal of Carter's claims is appropriate based on his inability to establish causation.

Therefore, Defendants' Motion for Summary Judgment (Dkt. 43) **IS GRANTED**, and this case **IS DISMISSED**.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to Plaintiff proceeding *pro se* at said party's last known address.

Dated this 20th day of September, 2021.

*[signature]*

ROBERT J. BRYAN
United States District Judge